Herbert *v.* Herbert.

GEORGE L. HERBERT et al.

*v.*

JOHN W. HERBERT.

1. Equity will relieve where, in *ex parte* proceedings in foreign attachment, advantage, after being waited for, has been deliberately taken of a complainant's absence to obtain, without his knowledge, a judgment upon a claim to which he has a sufficient defence either at law or in equity, and to sell his land, for an inadequate price, to the plaintiff in the attachment suit.

2. In such a case, the bill should fully, definitely and certainly state the claim upon which the judgment is founded, and how it is impeachable.

3. A general charge that such a claim was not legal or valid, sufficiently alleges that it was not just.

4. Equity, acting in analogy to the rules of law, will not suffer the recovery of a claim which would, at law, be barred by the statute of limitations, unless intervening circumstances, of special character, should otherwise demand.

5. Complainants are not misjoined when they have a common interest in the attainable object of a suit, and their interests, though perhaps not co-extensive, are not inconsistent and conflicting, and are supported by the same equity against the defendant, and his defence against one of them is his defence against the other.

On motion to dismiss the bill.

The bill alleges that on the 17th of February, 1881, the complainant Henry L. Herbert, a resident of New York, purchased a lot of land at Atlanticville, in the county of Monmouth, which was duly conveyed to him by deed recorded on the same day; that, shortly after this purchase and conveyance, he built a house upon the land and, with the exception of three years, when he rented it, made it his summer habitation; that in May, 1889, he sold the property to the complainant Joseph H. Devoe for its fair value, $7,250, and conveyed it to him by deed duly recorded during the same month, and thereupon Devoe entered into possession of the land and yet retains possession of it; that Devoe gave Herbert a mortgage upon the property for $5,000 to secure the payment of part of the purchase-money, which is still held by the complainant Herbert and has not been paid; that on the 22d of September, 1888, before the conveyance to Devoe, the defendant, John W. Herbert, procured an attachment to be issued out of the supreme court against the complainant Henry L. Herbert, under which the property indicated was, three days later, attached; that on the 27th of March, 1889, the auditor in attachment reported upon the claim of the plaintiff in attachment, no other creditors having applied, basing his report upon the oath of the plaintiff alone, and, on the 15th of the following April, judgment was entered against Henry L. Herbert for $3,774.87 damages, besides $49.72 costs of suit; that on the 3d day of the following October, an order to sell the land was obtained, and, during November, 1889, the property was sold to the plaintiff in attachment and defendant herein for $3,000, and in December of the same year the auditor delivered his deed to the

defendant and the defendant had it recorded ; that on April 24th,. 1890, the defendant, by letter, informed the complainant Henry L. Herbert of his purchase, and thereby gave the complainants. the first intimation they had of the attachment ; that the complainant had lived upon the land attached during the summer of 1888 and until the 17th of September in that year ; that the attachment suit was conducted by the defendant's son, who is an attorney-at-law of this state, and no notice or intimation of its. existence was given to Henry L. Herbert, although the defendant and his son had both visited him at his office in New York,. and knew where he could be found.

The bill then proceeds in this language :

" Your orator Henry L. Herbert has had no business, legally, or transaction,. directly or indirectly, with the defendant, John W. Herbert, for nearly twenty-two years, during the greater part of which time he .has resided in the state of New Jersey, and for many years sold real estate near the residence of said: John W. Herbert, and that there is no legal or valid debt due and owing from: him to said John W. Herbert; and that said John W. Herbert, about two· years ago, admitted to him that he had no legal claim against him, but intimated that your orator Henry L. Herbert was under a moral obligation to pay him three small notes, aggregating $600, and interest, but at no time claimed,. or pretended to claim, that there was any such sum due to him as he demanded."

And it then charges that the attachment proceedings were secretly conducted, in pursuance of a scheme to obtain judgment against the defendant Henry L. Herbert, without affording him an opportunity to defend, and to sell the property indicated and buy it in, without the knowledge of either of the complainants,. for a grossly inadequate price.

The prayer of the bill is, that the sale to the defendant may be set aside, and that the deed given by the auditor may be declared void ; that the judgment in attachment may be opened, so that the defendant Herbert may plead and defend, and that the complainant may have such other equitable relief as the nature of the case may require.

In pursuance of the practice permitted by Rule 224, the defendant now moves to dismiss the bill upon three grounds — *first*, because it does not charge that the debt claimed in the attachment suit is not justly due and owing from Henry L. Her-

---

---

.bert to the defendant; *second*, because the complainants fail to show any ground for equitable interference, and, *third*, because the complainants are misjoined.

*Mr. William H. Vredenburgh*, for the motion.

*Mr. Theodore Runyon, contra.*

THE CHANCELLOR.

The carefully-guarded allegations of the bill, touching the defendant's pretended cause of action against the complainant Herbert, make it apparent that the pleader purposely conceals the true *status* of the claim upon which the attachment was issued. It was within his power, by inspection of the records or by inquiry of the auditor in attachment, to have been so well informed that he could fully and fairly have stated and impeached it, but instead of so doing, without definitely alleging what the claim was or how it is impeachable, he contents himself with the general allegation that it was not legal or valid. Such indefiniteness and uncertainty, without excuse, is not good pleading. *Moore* v. *Gamble, 1 Stock. 246, 250 ; Story Eq. Pl.* §§ *242, 251.*

But the bill is not objected to upon this ground. The objection is, that the bill fails to allege that the claim was not just. The bill alleges that it was not *"legal"* and not *"valid."* The word *"valid,"* addressed to a court of equity, in the connection in which it is used in the bill, includes, I think, the charge that the claim is not of such a character that it can be supported or defended either at law or in equity. Reading between the lines of the bill, it becomes quite plain that the claim, in fact, is founded upon notes more than twenty years old, recovery upon which is barred at law by the statute of limitations. It is insisted that defence under that statute is unconscionable. Acting in analogy to the rules of law, equity will so far regard the statute as not to suffer the recovery of a claim which would be barred by it at law, unless intervening circumstances, of special character, should otherwise demand ; and such circumstances do not appear by the bill before me.

Herbert *v.* Herbert.

The bill invokes the assistance of this court against a sale ·under a judgment at law. In such a case, upon an application, free from laches and intervening equities, relief will be granted ·where it appears that the complainant, pending the suit at law, ·was ignorant of the facts upon which he relied for relief, or where, being a matter of equitable cognizance, the defence would not be received in the suit at law, or where the complainant was prevented from availing himself of the defence by fraud or ·accident or by the act of the opposite parties unmixed with negligence or fraud on his part. *Glover* v. *Hedges, Sax. 113; Quackenbush* v. *Van Riper, Sax. 476, 483; Kinney* v. *Ogden's Admr., 2 Gr. Ch. 168; Powers* v. *Butler, 3 Gr. Ch. 465; Reeves* v. *Cooper, 1 Beas. 223; Davis* v. *Headley, 7 C. E. Gr. 115'; Cairo ·and Fulton R. R. Co.* v. *Titus, 12 C. E. Gr. 102; Doughty* v. *Doughty, 12 C. E. Gr. 315; Holmes* v. *Steele, 1 Stew. Eq. 173; Dringer* v. *Receiver of Erie R. R. Co., 15 Stew. Eq. 573; Mechanics National Bank* v. *Burnett Mfg. Co., 6 Stew. Eq. 486; Brick* v. *Burr, post 189.*

Equity will relieve where, in *ex parte* proceedings in foreign ·attachment, advantage has deliberately been taken of a complainant's absence to obtain, *ex parte*, a judgment upon a claim against which he has a sufficient defence either at law or in equity. In ·the case of *Moore* v. *Gamble, 1 Stock. 246*, it was alleged by the complainant that, shortly after he married, he went to New ·Orleans, leaving his wife at the residence of her mother and stepfather, and while he was away his wife died ; that, by the will ·of his wife's father, her mother, as executrix thereof, was required to support the daughter during her minority, and in ·consideration of that duty, she and her husband agreed not to ·charge the complainant for his wife's board while he was away. After the wife's death, in violation of their agreement, they ·attached the complainant's land for his wife's board, and, without notice to him, entered judgment against him, although, at the ·time· of the attachment, they not only had no cause of action, because of their agreement, but they had property belonging to him in their possession more than sufficient to pay the sum they ·claimed.

Herbert *v.* Herbert.

Upon this state of facts, Chancellor Williamson remarked: "Such a case would entitle the complainant to be relieved against the judgment. For the defendants, under the circumstances, to have taken the advantage of the complainant's absence, when he had no opportunity of being heard, or setting up the legal or equitable defence he had against defendants' demands, would have been a gross wrong and fraud. In a case so gross this court would not stop to inquire whether or not the injured party might possibly get relief upon an application to open the judgment. The propriety of affording relief in such a case would be so manifest, and could be afforded with so much facility by this court, that there could be no hesitation in granting it."

In the case of *Tomkins* v. *Tomkins, 3 Stock. 512,* in which relief was sought from a judgment in foreign attachment, the same chancellor said: "In a case like the present, of foreign attachment, where the proceeding is *in rem* and the judgment is obtained without the knowledge of the defendant, and the proceedings are all necessarily *ex parte,* it would be hard indeed if this court would not interfere to protect a party against the fraud of the plaintiff. The propriety of this court's interfering in such cases is too obvious to require its being vindicated."

The case presented in the bill now considered shows, not only that an advantage was taken of the defendant's absence to obtain a judgment in attachment upon a stale and invalid claim, but that such absence was deliberately waited for, and the proceedings in attachment so timed and secretly conducted that not only the judgment was had without opportunity for defence, but it was so executed that the defendant became the owner of a valuable property for an inadequate price, if it be assumed that the claim upon which his judgment is founded can be supported, or for nothing, if that claim is wholly invalid, as the complainants insist. It would be monstrous if equity could not give relief in such a case.

This is not like the case of *Eberhart* v. *Gilchrist, 3 Stock. 167,* where there was no allegation that the *ex parte* judgment in attachment was the product of a fraudulent contrivance.

Herbert *v.* Herbert.

The terms upon which relief will be afforded must be equitable. If, under circumstances hereafter developed, it shall be made to appear that the complainants' defence to the claim upon which judgment is founded is unconscionable, though ample under the strict rules of law, the defendant's legal advantage with respect to it will not be disturbed.

It is, however, ordinarily, not unconscionable to ask the benefit of the statute of limitations from a court of equity, and it would hardly be deemed unconscionable or unjust to ask it when it might have been had at law but for the artifice of the defendant. The force of the allegation, that the claim of the defendant was not legal or valid, is not, then, weakened by its appearing that the defence to it was the statute of limitations.

This court cannot set aside the judgment of the common law courts and give leave to plead in the suit in which it was recovered. Its decree will operate upon the defendant and the land, and not upon the court. *Barnsley* v. *Powell, 1 Ves. 285; 3 Pom. Eq. Jur.* § *1360; 2 Story Eq. Jur. 873.*

In such a case as this, where the judgment at law has been properly executed and property sold to the defendant, the relief granted will be to compel a reconveyance upon the complainant doing that which in good conscience he should do.

The attainable object of this suit appears, then, to be a reconveyance of the land which the defendant holds. The attitude of the bill is, that nothing is to be rendered for this reconveyance.

In this light the question as to the misjoinder of the complainants may be considered.

Both the complainants have a common interest in the attainable object of the suit. Though their interests are not co-extensive, they are not inconsistent and conflicting. They are both supported by the same equity against the defendant, and his defence against a suit by one is his defence against a suit by the other. In this situation the complainants are not misjoined. *Story Eq. Pl.* §§ *279, 285; Young* v. *Young, 18 Stew. Eq. 27, 36.*

The motion to dismiss must be denied, with costs.